# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

|  |  |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | **Civil Action No. _____** |
| **v.** | |
| **CAUSWAVE, INC., JEFFREY L. RIGGS, and DIANE R. BALDWIN,** | **JURY DEMANDED** |
| **Defendants.** | |

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff, Securities and Exchange Commission (the "Commission"), files

this Complaint for Injunctive and Other Relief and alleges as follows:

## INTRODUCTION

1.      This matter involves the fraudulent sale of shares of CAUSwave, Inc.

("CAUSwave"), a North Carolina company that purported to be raising money to

develop alternative energy conversion technologies.   Between February 2009 and

March 2015, Defendants CAUSwave, Jeffrey L. Riggs ("Riggs"), and Diane R.

Baldwin ("Baldwin") (collectively, "Defendants") raised more than $6 million

from "friends and colleague investors" through the sale of non-voting shares of

CAUSwave. These offerings were unregistered and not subject to any applicable exemption.

2. In connection with the offer and sale of these securities, Defendants misrepresented to investors that the company was on the verge of receiving, or had received, substantial funds from institutional investors. In truth, CAUSwave never received any funds from institutional investors, and Defendants never told investors that CAUSwave was actually paying institutional investors significant sums in what appears to have been fraudulent investment schemes.

3. Defendants continued to tell investors that funds from institutional investors were imminent even after they knew or recklessly ignored facts indicating that such funds would not be forthcoming.

4. Defendants also told investors that CAUSwave would buy back shares from them at a share price much higher than their original share price investment, once the company received funds from the institutional investors or potential merger partners.

5. Defendants also failed to tell investors that they had diverted significant investor funds to themselves. Riggs directed over $1 million of investor proceeds to himself, and Baldwin directed approximately $800,000 in investor proceeds to herself.

6.     As a result of its conduct, which is set forth in greater detail herein, Defendant CAUSwave has engaged in and, unless restrained and enjoined by this Court, will continue to engage in acts and practices that constitute and will constitute violations of Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c) and 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

7.     As a result of his conduct, which is set forth in greater detail herein, Defendant Riggs has engaged in and, unless restrained and enjoined by this Court, will continue to engage in acts and practices that constitute and will constitute violations of Sections 5(a), 5(c) and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c) and 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], aiding and abetting violations of Sections 5(a), 5(c), and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and acting as a "control person" under Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)] for violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

3

8.      As a result of her conduct, which is set forth in greater detail herein, Defendant Baldwin has engaged in and, unless restrained and enjoined by this Court, will continue to engage in acts and practices that constitute and will constitute violations of Sections 5(a), 5(c) and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c) and 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and (c) thereunder [17 C.F.R. §§ 240.10b-5(a) and 240.10b-5(c)], aiding and abetting violations of Sections 5(a), 5(c) and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c) and 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and acting as a "control person" under Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)] for violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## JURISDICTION AND VENUE

9.      The Commission brings this action pursuant to Sections 20(b) and 20(d) of the Securities Act [15 U.S.C. §§ 77t(b) and 77t(d)] and Sections 21(d) and 21(e) of the Exchange Act [15 U.S.C. §§ 78u(d) and 78u(e)].

10.     This Court has jurisdiction over this action pursuant to Sections 20(b) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b) and 77v(a)] and Sections 21(d)

and 27(a) of the Exchange Act [15 U.S.C. §§ 78u(d) and 78aa(a)], and 28 U.S.C. § 1331.

11.     Defendants, directly and indirectly, made use of the mails, the means and instruments of transportation and communication, interstate commerce, or the means and instrumentalities of interstate commerce in connection with the transactions, acts, practices, and courses of business alleged in this Complaint.

12.     Venue is proper in this Court pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27(a) of the Exchange Act [15 U.S.C. § 78aa(a)] because CAUSwave was and is based in this district, many of the acts, practices, and courses of business constituting violations alleged herein occurred within this district, the Defendants reside in this district, and multiple investor victims reside in this district.

## **DEFENDANTS**

13.     <u>CAUSwave, Inc.</u>, (f/k/a UTISA, Inc.) is a North Carolina corporation headquartered in Pittsboro, North Carolina. CAUSwave has never registered any class of securities or any offer or sale of securities with the Commission or any state.

14.     <u>Jeffrey L. Riggs</u>, age 68, resides in Pittsboro, North Carolina. He is the President, Chief Executive Officer, and Chairman of CAUSwave. Along with

Defendant Baldwin, Riggs owns a majority of the Class A, voting shares of CAUSwave. Riggs previously worked as an officer of Biowarn, LLC, another North Carolina-based entity.

15. Diane R. Baldwin, age 68, resides in Pittsboro, North Carolina. She is the Executive Vice President, Secretary, and Director of CAUSwave. Along with Defendant Riggs, Baldwin owns a majority of the Class A, voting shares of CAUSwave. Baldwin was previously employed by and worked with Riggs at Biowarn, LLC.

## OVERVIEW OF CAUSWAVE'S FUNDRAISING EFFORTS

16. In April 2008, Riggs and Baldwin formed a North Carolina corporation known as UTISA, Inc. ("UTISA"). In October 2008, UTISA's articles of incorporation were amended and restated to change the company's name to CAUSwave, Inc. The company's ostensible purpose was to raise money to fund the research and development of products utilizing a self-described scientific process involving alternative energy conversion.

17. CAUSwave maintained a publicly-available website that touted the company's technologies and had links for the public to contact the company.

18. Riggs and Baldwin exercised control over CAUSwave. In addition to collectively controlling a majority of the voting shares of CAUSwave, each of

6

Riggs and Baldwin, among other things, signed contracts on CAUSwave's behalf, had authority to direct payments from the corporate bank accounts, and drafted and issued statements on behalf of the company.

19.     Beginning in approximately February 2009, Defendants began raising money through the sales of shares in CAUSwave.   Defendants attracted and offered shares to investors and prospective investors through, among other means, word of mouth, phone calls, shareholder meetings, and regular, written updates typically sent via email ("Investor Updates"), which are described in greater detail below.

20.     The individual shareholders who purchased shares of CAUSwave received Class B, non-voting shares of CAUSwave for $600 per share.  All shareholders were required to sign confidentiality and/or non-disclosure agreements.

21.     Between February 2009 and March 2015, CAUSwave raised more than $6 million from investors, many of whom purchased shares on multiple occasions over the six-year period.

## FALSE AND MISLEADING STATEMENTS
## AND OMISSIONS TO INVESTORS

22.     In approximately August 2009, Riggs and Baldwin began communicating with a possible institutional investor regarding a potential investment in CAUSwave.  That purported institutional investor represented to Riggs and Baldwin that he could and would make a very large investment into CAUSwave once he secured funds from internationally-based third-parties who had access to large gold reserves.  The purported institutional investor told Riggs and Baldwin that he first needed cash from CAUSwave in order to secure those funds.

23.     Between September 2009 and March 2015, Riggs and Baldwin sent approximately $500,000 of CAUSwave's investor money to this purported institutional investor, but never received any money from that investor or any other institutional investor.

24.     Beginning in or about March 2009 through at least April 2015, CAUSwave sent regular Investor Updates to its individual friends and colleague investors and prospective investors with information regarding, among other things, CAUSwave's fundraising efforts.

8

25.     The Investor Updates were drafted by Riggs and Baldwin, printed on CAUSwave letterhead, signed and finalized by Riggs, and sent to investors via email from Baldwin's CAUSwave email account.

26.     The Investor Updates included false statements of material fact and omitted material facts necessary to make other statements not misleading.

27.     Such material misstatements and omissions included, but were not limited to, CAUSwave's statement in its November 23, 2011 Investor Update that "today we received long awaited funds from our institutional investors." In fact, the company's bank accounts had combined balances of less than $100 on that date.

28.     Additionally, on March 19, 2014, Riggs and Baldwin advised investors that an institutional investor "has provided CAUSwave a second tranche of bridge funding/operating capital." In fact, as of March 2014 and all material times thereafter, CAUSwave had not received and did not receive money from any source other than the general individual investors.

29.     Riggs and Baldwin also repeatedly promised investors that, once the institutional investor funding was received, investors would have the opportunity to sell their Class B shares of stock back to CAUSwave for a price significantly higher than their original purchase price of $600. For example, in the September

9

16, 2014 Investor Update, Riggs and Baldwin stated that "the investor's commitment to $70,000 per share at the time of buy-back remains firm."

30.     Riggs and Baldwin knew that CAUSwave had not received any funds from any institutional investor, nor any firm commitment to buy back the shares of the investors.

31.     Defendants failed to disclose to investors that: (1) CAUSwave had paid hundreds of thousands of dollars to institutional investors from whom it was seeking investment money; and (2) no institutional investor ever provided any investment funding.

32.     By as early as 2013 and continuing through the relevant time period, Defendants knew or recklessly and/or negligently ignored facts indicating that institutional investors may have defrauded them in apparent fraudulent investment schemes.  They failed to update or correct their prior statements to investors regarding funding from institutional investors.  In fact, they continued to tell investors that the funds were imminent.

33.     Defendants made additional false and misleading statements in the Investor Updates by overstating the likelihood of funding from other sources, including but not limited to, claiming that CAUSwave would be the recipient of grant funds and that CAUSwave would be involved in a $20 billion merger.

10

Defendants knew or recklessly and/or negligently ignored facts in making such statements.

## SECURITIES OFFERING REGISTRATION VIOLATIONS

34.    From 2009 until March 2015, Defendants continuously offered and sold shares of stock in CAUSwave, including offers of shares via the Investor Updates.  During this time, they made no attempt to restrict the sales of shares to investors from a single state or to ascertain whether potential purchasers were accredited investors.  CAUSwave's investors resided in multiple states and the majority were non-accredited investors.

35.    On or about June 2, 2014, CAUSwave filed a Form D with the Commission, claiming an exemption from registration of an offering of securities under Section 4(a)(5) of the Securities Act.  The Form D disclosed that, as of the date of filing, the company had sold $4,427,575 of its securities to 298 non-accredited investors.  Riggs signed the Form D in his capacity as President and Chief Executive Officer of CAUSwave.

36.    CAUSwave has not registered any offerings of securities with the Commission.

## MISUSE OF INVESTOR FUNDS

37. Throughout that time, CAUSwave's only source of money was from the sale of stock to individual investors. It had no revenue or income from operations at any time.

38. The Defendants continually represented to investors that the Company intended to develop various technologies. In fact, substantial investor funds were diverted to Riggs and Baldwin. From at least August 2010 through at least March 2015, Riggs received consulting fees, loans and salary from CAUSwave of over $1 million. During that time period, Baldwin received similar payments of approximately $800,000.

39. Defendants failed to disclose to investors that substantial percentages of their investment were being diverted to Riggs and Baldwin.

## CLAIMS FOR RELIEF

## COUNT I - FRAUD

**Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and
Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5(b)]
(Against CAUSwave and Riggs)**

40. Paragraphs 1 through 39 are hereby re-alleged and are incorporated herein by reference.

41.    Defendants CAUSwave and Riggs, by engaging in the conduct described above, directly or indirectly, in connection with the purchase or sale of securities, by the use of means or instrumentalities of interstate commerce or by use of the mails, made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

42.    Defendants CAUSwave and Riggs knowingly, intentionally, and/or recklessly engaged in the fraudulent conduct described above.  In engaging in such conduct, Defendants acted with scienter, that is, with an intent to deceive, manipulate, or defraud or with a severely reckless disregard for the truth.

43.    By reason of the foregoing, Defendants CAUSwave and Riggs, directly or indirectly, have violated and, unless enjoined and restrained, will continue to violate Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5(b)].

## COUNT II - FRAUD

**Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and 10b-5(c) thereunder [17 C.F.R. §§ 240.10b-5(a) & 240.10b-5(c)]
(Against all Defendants)**

44.    Paragraphs 1 through 39 are hereby re-alleged and are incorporated herein by reference.

13

45.     By their conduct, Defendants, in connection with the purchase or sale of securities, by the use of means or instrumentalities of interstate commerce or by the use of the mails, directly or indirectly:

    a.     employed devices, schemes, and artifices to defraud; and

    b.     engaged in transactions, practices, or courses of business that operated or would operate as a fraud or deceit upon the sellers, purchasers or holders of such securities.

46.     Defendants knowingly, intentionally, and/or recklessly engaged in the fraudulent conduct described above.  In engaging in such conduct, Defendants acted with scienter, that is, with an intent to deceive, manipulate, or defraud or with a severely reckless disregard for the truth.

47.     By reason of the foregoing, Defendants, directly or indirectly, have violated and, unless enjoined and restrained, will continue to violate Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(a) thereunder [17 C.F.R.§ 240.10b-5(a)].

48.     By reason of the foregoing, Defendants, directly or indirectly, have violated and, unless enjoined and restrained, will continue to violate Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(c) thereunder [17 C.F.R. § 240.10b-5(c)].

## COUNT III - FRAUD

### Violations of Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)(1)]
### (Against all Defendants)

49.     Paragraphs 1 through 39 are hereby re-alleged and are incorporated herein by reference.

50.     By their conduct, Defendants, in the offer and sale of securities, by the use of means and instruments of transportation and communication in interstate commerce or by use of the mails, directly or indirectly, employed devices, schemes, and artifices to defraud; and

51.     Defendants knowingly, intentionally and/or recklessly engaged in the conduct described above.

52.     By reason of the foregoing, Defendants, directly or indirectly, have violated and, unless enjoined and restrained, will continue to violate Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)(1)].

## COUNT IV - FRAUD

### Violations of Section 17(a)(2) and 17(a)(3) of the Securities Act
### [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)]
### (Against all Defendants)

53.     Paragraphs 1 through 39 are hereby re-alleged and are incorporated herein by reference.

54.     By their conduct, Defendants, in the offer and sale of securities, by the use of means and instruments of transportation and communication in interstate commerce or by use of the mails, directly or indirectly:

a.     obtained money and property by means of untrue statements of material fact and omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

c.     engaged in transactions, practices, and courses of business that operated or would operate as a fraud or deceit upon the sellers, purchasers or holders of such securities.

55.     Defendants knowingly, intentionally, recklessly and/or negligently engaged in the conduct described above.

56.     By reason of the foregoing, Defendants, directly or indirectly, have violated and, unless enjoined and restrained, will continue to violate Sections 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)].

## **COUNT V – REGISTRATION VIOLATIONS**

**Violations of Sections 5(a) and 5(c) of the Securities Act
[15 U.S.C. §§ 77e(a) & 77e(c)]
(Against all Defendants)**

57.     Paragraphs 1 through 39 are hereby re-alleged and are incorporated herein by reference.

58.     By their conduct, the Defendants, directly or indirectly, have:

a.  made use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell the securities described herein, through the use or medium of any prospectus or otherwise, when a registration statement was not in effect as to such securities;

b.  carried securities or caused such securities, as described herein, to be carried through the mails or in interstate commerce, by means or instruments of transportation, for the purpose of sale or for delivery after sale, when a registration statement was not in effect as to such securities; and

c.  made use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, the securities described herein, without a registration statement having been filed as to such securities.

59.     By reason of the foregoing conduct, Defendants violated and, unless restrained and enjoined and restrained, will continue to violate Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)].

## COUNT VI – AIDING AND ABETTING

**Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], Pursuant to Section 20(e) of the Exchange Act [15 U.S.C. § 78t(e)] (Against Riggs and Baldwin)**

60.     Paragraphs 1 through 39 are hereby re-alleged and are incorporated herein by reference.

61.     As described above, Defendant CAUSwave violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

62.     By their conduct, Defendants Riggs and Baldwin each provided substantial assistance to Defendant CAUSwave in its unlawful conduct.

63.     By their conduct, Defendants Riggs and Baldwin acted knowingly or recklessly in aiding and abetting Defendant CAUSwave's violations of Section 10(b) and Rule 10b-5.

64.     By reason of the foregoing, Defendant Riggs aided and abetted and, unless enjoined and restrained, will continue to aid and abet Defendant

18

CAUSwave's violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

65. By reason of the foregoing, Defendant Baldwin aided and abetted and, unless enjoined and restrained, will continue to aid and abet Defendant CAUSwave's violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## COUNT VII – AIDING AND ABETTING

**Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and
Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5],
Pursuant to Section 20(e) of the Exchange Act [15 U.S.C. § 78t(e)]
(Against Baldwin)**

66. Paragraphs 1 through 39 are hereby re-alleged and are incorporated herein by reference.

67. As described above, Defendant Riggs violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

68. By her conduct, Defendant Baldwin provided substantial assistance to Defendant Riggs in his unlawful conduct.

69. By her conduct, Defendant Baldwin acted knowingly or recklessly in aiding and abetting Defendant Riggs's violations of Section 10(b) and Rule 10b-5.

70.     By reason of the foregoing, Defendant Baldwin aided and abetted and, unless enjoined and restrained, will continue to aid and abet violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## COUNT VIII – AIDING AND ABETTING

**Violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Pursuant to Section 15(b) of the Securities Act [15 U.S.C. § 77o(b)]
(Against Riggs and Baldwin)**

71.     Paragraphs 1 through 39 are hereby re-alleged and are incorporated herein by reference.

72.     As described above, Defendant CAUSwave violated Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

73.     By their conduct, Defendants Riggs and Baldwin each provided substantial assistance to Defendant CAUSwave in its unlawful conduct.

74.     By their conduct, Defendants Riggs and Baldwin acted knowingly or recklessly in aiding and abetting Defendant CAUSwave's violations of Section 17(a).

75.     By reason of the foregoing, Defendant Riggs aided and abetted and, unless enjoined and restrained, will continue to aid and abet violations of Section 17(a) of the Securities Act [15 U.S.C. § 77o(a)].

76.     By reason of the foregoing, Defendant Baldwin aided and abetted and, unless enjoined and restrained, will continue to aid and abet violations of Section 17(a) of the Securities Act [15 U.S.C. § 77o(a)].

## COUNT IX – AIDING AND ABETTING

**Violations of Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) & 77e(c)], pursuant to Section 15(b) of the Securities Act [15 U.S.C. § 77o(b)]**
**(Against Riggs and Baldwin)**

77.     Paragraphs 1 through 39 are hereby re-alleged and are incorporated herein by reference.

78.     As described above, Defendant CAUSwave violated Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) & 77(c)].

79.     By their conduct, Defendants Riggs and Baldwin each provided substantial assistance to Defendant CAUSwave in its unlawful conduct.

80.     By their conduct, Defendants Riggs and Baldwin acted knowingly or recklessly in aiding and abetting Defendant CAUSwave's violations of Sections 5(a) and 5(c).

81.     By reason of the foregoing, Defendant Riggs aided and abetted and, unless enjoined and restrained, will continue to aid and abet Defendant CAUSwave's violations of Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) & 77e(c)].

82.     By reason of the foregoing, Defendant Baldwin aided and abetted and, unless enjoined and restrained, will continue to aid and abet Defendant CAUSwave's violations of Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) & 77e(c)].

## COUNT X – CONTROL PERSON LIABILITY

**Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and
Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5],
Pursuant to Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)]
(Against Riggs and Baldwin)**

83.     Paragraphs 1 through 39 are hereby re-alleged and are incorporated herein by reference.

84.     As described above, Defendant CAUSwave violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

85.     Through their positions and by their conduct, Defendants Riggs and Baldwin exercised control over the operations of CAUSwave.

86.     Through their positions and by their conduct, Defendants Riggs and Baldwin possessed the power or ability to control the specific transactions and activities upon which CAUSwave's violations of Section 10(b) of the Exchange

Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder are based [17 C.F.R. § 240.10b-5].

87.     By reason of the foregoing, Riggs is jointly and severally liable with, and to the same extent as, CAUSwave for its violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

88.     By reason of the foregoing, Baldwin is jointly and severally liable with, and to the same extent as, CAUSwave for its violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5].

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff the Commission respectfully prays for:

## I.

A permanent injunction enjoining Defendants CAUSwave and Riggs, their agents, servants, employees, and attorneys from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5(b)].

## II.

A permanent injunction enjoining Defendants, their agents, servants, employees, and attorneys from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and 10b-5(c) thereunder [17 C.F.R. §§ 240.10b-5(a) & 240.10b-5(c)].

## III.

A permanent injunction enjoining Defendants, their agents, servants, employees, and attorneys from violating, directly or indirectly, Section 17(a) of the Securities Act [15 U.S.C. §§ 77q(a)].

## IV.

A permanent injunction enjoining Defendants, their agents, servants, employees, and attorneys from violating, directly or indirectly, Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) & 77e(c)].

## V.

An order requiring the disgorgement by Defendants of all ill-gotten gains or unjust enrichment, with prejudgment interest, to effect the remedial purposes of the federal securities laws.

## VI.

24

An order pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1] imposing civil penalties against Defendants.

## VII.

An order pursuant to Section 20(d) of the Exchange Act [15 U.S.C. § 78t(d)] barring Riggs from serving as an officer or director of a public company.

## VIII.

An order pursuant to Section 20(d) of the Exchange Act [15 U.S.C. § 78t(d)] barring Baldwin from serving as an officer or director of a public company.

## IX.

Such other and further relief as this Court may deem just, equitable, and appropriate in connection with the enforcement of the federal securities laws and for the protection of investors.

Plaintiff hereby demands a jury trial to all issues so triable.

Dated: December 14, 2015

Respectfully submitted,

/s/ Paul Kim
Paul Kim
Senior Trial Counsel
Georgia Bar No. 418841
Email: kimpau@sec.gov
Local Rule 83.1 Counsel

M. Graham Loomis
Regional Trial Counsel
Georgia Bar No. 457868
Email: loomism@sec.gov
Local Rule 83.1 Counsel

Elizabeth Skola
Staff Attorney
Georgia Bar No. 650901
Email: skolae@sec.gov
Local Rule 83.1 Counsel

COUNSEL FOR PLAINTIFF
Securities and Exchange Commission
950 East Paces Ferry Road, N.E.
Suite 900
Atlanta, Georgia 30326-1382
Tel: (404) 842-7600
Fax: (404) 842-7666